RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS    MAY 0 4 2011
FOR THE NINTH CIRCUIT

FILED _____
DOCKETED _____
                DATE    INITIAL

PETER MICHAEL PALMER  9th Cir. Case No. 11-15486
Appellant,

Originating Court Case No. 10-CV-8209

vs.

Glenn A. Savona, et al. (or none)
Appellee(s).

## APPELLANT'S INFORMAL BRIEF
(attach additional sheets as necessary)

1. Jurisdiction

    a. Timeliness of Appeal:

        (i) Date of entry of judgment or order
            of originating court: JANUARY 3, 2011

        (ii) Date of service of any motion made after judgment (other than
             for fees and costs): JANUARY 19, 2011

        (iii) Date of entry of order deciding motion: MARCH 16 2011

        (iv) Date notice of appeal filed: FEBRUARY 25, 2011
             STAY LIFTED MARCH 30, 2011

        (v) For prisoners, date you gave notice of appeal to prison
            authorities: N/A

**2. What are the facts of your case?**

Introduction

    My (Plaintiff's) case was summarily dismissed (without prejudice) by the district court before any summonses had been served but before the 120-day time limit to serve summonses expired. I am appealing that premature ruling by the court. Because no summonses have yet been served, there are no opposing parties / appellees in this instant matter. Hopefully, this is a simple procedural question.

2A. Statement of the Issues

    1.    Did the District court abuse its discretion by dismissing this action before the 120-day time limit pursuant to Fed.R.Civ.P. 4(m) expired?

    2.    As a related sub-issue, did the District court abuse its discretion by ordering service by Federal Marshal—that is, by invoking Fed.R.Civ.P. 4(c)(3) sua sponte—absent the required request by / consent from the plaintiff?

2B. Statement of the Case

    This is the third—and hopefully last—of three civil right complaints I have filed in the past year in the Arizona District against bad government actors in the

**9th Cir. Case No. 11-15486**                                    Page 3

small town of Prescott, Arizona.[1]

    While no means an expert on civil right actions, having some experience with two previous complaints prior to this one, and seeing both previous courts in the same District manage those cases the same, this instant matter has not followed the norm. The district court judge here has been remarkably proactive. While I am a proponent of judges being active, not passive (referees, not merely umpires), the district court here appears to have stepped out of bounds.

    The first hint that something was abnormal was when the court, immediately after being assigned the case, issued Doc. 7, titled "Standard Civil Track Initial Order." I did not receive similar orders from the other two District Court judges in Arizona and the closest thing to this was a Case Management Order in my first case, but only long into the action after we had a Case Management Conference

    In any event, in Doc. 7, the court stated that "the Plaintiff(s) shall effect service of the Complaint and Summons upon all Defendants no later than 120 days

---

[1] I assert political retribution by these actors. Prescott has already settled the first matter (unlawful seizure by police) with me out of court. The second matter, tampering with a court file, is under appeal in this Circuit. This instant matter is about the willful withholding of exculpatory evidence by the Prescott Prosecutor in a bogus matter of "criminal faxing." (Dismissed.) The Prosecutor withheld a police report recording his words that he knew I didn't knowingly criminally fax.

9th Cir. Case No. 11-15486                                                      Page 4

after filing the Complaint" as expected, per Fed.R.Civ.P. 4(m). This put my drop dead date to serve papers at February 26, 2011.

Nevertheless, two days after this first order, the court issued another order quite unexpectedly, Doc. 8, granting my IFP status (out of order?[2]) but also "ordering" that my service on defendants shall be at government expense by the U.S. Marshal or his authorized representative and ordering me to "complete and return all necessary documents to effect service to the Clerk's office (to forward to the Marshal) within 30 days of this Order." Unknown to me, this moved the drop dead date for effective "service" for me two months sooner, to December 12.

I did not ask for the Marshal to serve my complaint and no Rule was cited or invoked by the Court to justify this.[3] In contrast, in both of my prior two cases in this District where I also did not request service by the government, the judges

---

[2] Shouldn't the court have granted my IFP motion first and then issued any subsequent orders afterward?

[3] While I appreciate the gesture by Judge Teilborg to have the "government" bear my cost of service, as a Conservative Christian I do not think it right to take from Peter to pay Paul. Nor is it necessary. The Federal Courts have been very gracious here, allowing anyone over the age of 18 to serve a summons without being a professional licensed process server. (Read "money.") I have been able to have friends serve summons on numerous defendants in my prior two cases, sparing my fellow citizens (the governed) the expense of my bringing suits.

**9th Cir. Case No. 11-15486**                                                      **Page 5**
_____

were careful to note, per the Rules, that "Plaintiff shall be responsible for service ... of the summons and complaint." In fact, as it shows good faith on my part, I did obtain summonses for this action from the Clerk on December 16 in preparation for serving them myself in January.[4]

But over the December holidays (December 20), the Court mailed an Order for me to show cause as to why the case should not be dismissed for (my) failure to comply with the Court's second Order to submit the summonses and complaint to the Clerk by December 12. A hearing was set for January 3, 2011. Since it has been my experience that one does not normally hear from a court until after papers are served and defendants move the court to dismiss, I did not expect to hear from the court for some time. I thought I'd be safe not visiting my Post Office Box over the December holidays. So I didn't visit my Box until Monday, January 3. By then, the time set for the January 3 hearing had passed and it would have been pointless after that (nor in the best interest of judicial economy) to serve papers for a case which had been dismissed.

_____

[4] Apparently functionally illiterate, I responded also in good faith to the Doc. 8 Order by re-sending the Clerk copies of the IFP paperwork, thinking this is what the Court wanted.

Judge Teilborg repeatedly chides me for not contacting him informally (by phone or in writing) afterward. But as I remarked in Footnote 1 in my Motion for Reconsideration (Doc. 11), I do not think it's ever appropriate to call a judge about a pending case, especially since I have been burned personally by a judge engaging in ex parte communication with a litigant. (The subject of my second civil suit.) So I did not call the judge after receiving his Order in the mail, preferring instead to keep the judiciary above reproach by handling this matter formally via motions and an appeal if necessary.

Judge Teilborg also chides me for not requesting an extension of deadlines (Doc. 16). Please take judicial notice that a Motion for Reconsideration is effectively a Motion for an Extension.

I filed a timely Motion for Reconsideration, pointing out that the 120-day time limit had not yet expired. Then, to get my foot in the door to avoid a *Bowles v. Russell* forfeit,[5] I filed an (admittedly) premature Notice of Appeal before the District Court had ruled on my Motion for Reconsideration. Shortly thereafter, the court denied my motion. The USCA lifted the stay on my premature Notice of

---

[5] 2007 WL 1702870 (U.S. 2007)

Appeal and here we are.

### 3. What did you ask the originating court to do (for example, award damages, give injunctive relief, etc.)?

For the purpose of this narrow appeal I asked the District court to let me serve my summonses and complaint within the 120-day time allotted by law.

### 4. State the claim or claims you raised at the originating court.

Please see my Motion for Reconsideration, Doc. 11.

### 5. What issues are you raising on appeal? What do you think the originating court did wrong?

Did the District court abuse its discretion by dismissing this action before the 120-day time limit prescribed in Fed.R.Civ.P. 4(m) expired? Did the District court abuse its discretion by ordering service by Federal Marshal—that is, by invoking Fed.R.Civ.P. 4(c)(3) sua sponte—absent any such request by plaintiff?

Perhaps these should be considered in reverse order, for if the court abused its discretion by wrongfully and unlawfully ordering service by Federal Marshal, then its Order calling for my participation by December 12, 2010 is baseless and moot and the order dismissing my action for failing to show cause is likewise baseless and moot, and Rule 4(m) overrules.

Rule 4(c)(3) says "**At the plaintiff's request**, the court may order that

<u>9th Cir. Case No. 11-15486</u>                                          <u>Page 8</u>

service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis." As I said previously, I did not request service by the government in any of my previous actions and consequently, service by government has not been the norm in my previous two cases in the Arizona District.

Even if the district court has the discretion to mandate service by the government absent a request or **consent** from the plaintiff, the court does not have the discretion to dictate when that service is to occur. That is why it is the plaintiff's option whether I want the government to serve papers or serve them myself.

I realize that the government needs lead time if it is to serve papers. This is a compromise one makes when one accepts a government handout. I did not want to make this compromise. To force me to accept service by government is tantamount to a deprivation of due process.

Specifically, the appellate court should take judicial notice that there are advantages for a litigant—especially a pro se litigant—to delay service on defendants until the last possible moment. I have learned from the college of hard

knocks that once government defendants learn they are being sued, it is almost impossible to discover new information via Freedom of Information Act request, State Open Record Laws not withstanding. They simply "clam up." By arbitrarily ordering me to serve papers at a time I did not want them served, the court has deprived me of my right to manage my case as I please, violating my right to due process.

At the worst, my failure to comply with the court's "order" to complete and return all necessary documents to effect service to the Clerk's office should simply result in forfeit of service by the government. Not wholesale dismissal of my case.

**6. Did you present all issues listed in #5 to the originating court?**

No. Since the court did not cite a Rule for its decision to require service by Federal Marshal, it took me until now to think to google for "Marshal" in the Federal Rules of Civil Procedure to see that the court must have mistakenly invoked Fed.R.Civ.P. 4(c)(3) absent a request from me.

**7. What law supports these issues on appeal?**

Fed.R.Civ.P. 4(c)(3) and 4(m) are clear. In the Supreme Court's ruling in *Bowles v. Russell* the court made it clear that an Appeal Court, and by extension, a lower District Court, does not have the discretion to change deadlines set by law

(i.e., the Rules of Federal Civil Procedure). But this is what the district court did.

As to my request that this appellate court reestablish my deadline (below), Rule 4(m) says "But if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Therefore, because I have shown good cause and acted in good faith, and because the action was dismissed without prejudice, the law allows this court to extend my time for service.

**8. Do you have any other cases pending in this court?**

If by "this court" you mean the appellate court, the answer is "yes." Your case number 10-17690 is in process.

If by "this court" you mean the Federal District of Arizona, then "yes." *Palmer v. Yavapai County, et al.* (10-CV-8043) is being appealed, per above.

If by "this court" you mean this instant district court, then "no."

**9. Have you filed any previous cases which have been decided by this court?**

If by "this court" you mean the appellate court, then "no."

If by "this court" you mean this instant district court, then "no."

**10. For prisoners, did you exhaust all administrative remedies for each claim prior to filing your complaint in the district court?**

**9th Cir. Case No. 11-15486**                        Page 11

      NA

**What do you want this court to do?**

      1) Not knowing the proper legalese, I want this court to reverse (and/or vacate) the district court's dismissal and reinstate the action.

      2) I want this court to restart the clock where it was stopped by the District Court on January 3, 2011 and allow me 60 days from this court's Order to serve my complaint and summons on defendants. If the appellate court is so inclined, as compensation for my time and trouble to file this appeal, I will be happy to let the government serve the summonses and complaint as first offered.

_Peter Michael Palmer_                       _[signature]_
Name                                        Signature

POB 5564
Glendale, AZ 85312

May 2, 2011

**Certificate of Service:**

None required