FILED

**NOT FOR PUBLICATION**

MAR 15 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER MICHAEL PALMER,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>GLENN A. SAVONA; et al.,<br><br>　　　　Defendants - Appellees. | No. 11-15486<br><br>D.C. No. 3:10-cv-08209-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 6, 2012[**]

Before:    B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

　　Peter Michael Palmer appeals pro se from the district court's order

dismissing his 42 U.S.C. § 1983 action alleging malicious prosecution and abuse of

process for failure to comply with court orders and failure to prosecute. We have

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (failure to comply with court orders); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (failure to prosecute).  We affirm.

The district court did not abuse its discretion in dismissing the action without prejudice because Palmer failed to respond to its order requiring him to provide information to the clerk's office necessary to effectuate service of process, failed to respond to the court's order to show cause, and failed to appear at the show cause hearing.  *See Ferdik*, 963 F.2d at 1260-61 (listing factors to consider); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132-33 (9th Cir. 1987) (consideration of alternative sanctions can include a warning that failure to comply with court order could lead to dismissal); *Ash v. Cvetkov*, 739 F.2d 493, 496-97 (9th Cir. 1984) (dismissal for lack of prosecution was not an abuse of discretion even after relatively short period of delay, particularly where the dismissal was without prejudice).

We decline to address issues raised for the first time on appeal, including Palmer's challenge to the district court's order directing service of process by the U.S. Marshal.  *See United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) (noting general rule that courts of appeal will not consider arguments raised

for the first time on appeal).

**AFFIRMED.**