UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 29 2012

FILED
DOCKETED         DATE         INITIAL

| | |
|---|---|
| PETER MICHAEL PALMER,<br><br>Plaintiff - Appellant<br><br>vs.<br><br>GLENN A. SAVONA; et al.,<br><br>Defendants - Appellees. | No. 11-15486 |

## APPELLANT'S PETITION FOR PANEL REHEARING

## INTRODUCTION

Pro se plaintiff-appellant petitions the panel for a rehearing because the panel overlooked several material points of fact and law in its decision. (Copy of decision attached.)

If nothing else, the Court is setting an unlawful "precedent."[1] By affirming the district court's dismissal, this Court is inherently implying that courts have discretion to shorten the time limit for service set in Fed.R.Civ.P. 4(m). But this new "precedent" contradicts a long standing Supreme Court precedent, *Henderson v. U.S.*, 517 U.S. 654 (1996) which said, "Service of process, we have

---

[1] The Court sidesteps this a bit in its first footnote in the Memorandum by saying this is not precedent.

come to understand, is properly regarded as a matter **discrete from a court's jurisdiction** to adjudicate a controversy of a particular kind, or against a particular individual or entity."

Couple this with a quote form *Atchison T. & S.F. Ry. v. Hercules Inc.*, 146 F.3d 1071 (9th Cir. 1998), "the Ninth Circuit found that the district court abused its discretion for dismissing the party because the dismissal was based on **an erroneous interpretation** of the Federal Rules of Civil Procedure." Which is what we have here. Therefore, the Court must reverse its decision and reinstate the underlying action.

Consequently, I ask the Court to direct the district court to restart the clock where it stopped it, allowing me 60 days from this court's final decision to serve my complaint and summons on defendants. And, as compensation for my time and trouble caused by the district court, I ask that the government serve the summonses and complaint on defendants via U.S. Marshals, as the district court first offered.

## ARGUMENT

If further argument is needed, I do so here. In general, if I may politely quote the SCOTUS in a recent matter, "the [Ninth Circuit] Court of Appeals seems to have cherry-picked the aspects of [its] opinions that gave colorable

support to the proposition that the [discretion] of the action here was clearly established."

The Court starts off citing *Ferdik v. Bonzelet* for failure to comply with court orders, and *Henderson v. Duncan* for failure to prosecute. Neither strictly apply.

Taking *Henderson* first, I did not fail to prosecute. I was in the process of prosecuting my case when the district court summarily dismissed it. Per my Informal Brief at p.5, I had obtained summons for this action on December 16, 2010. (Doc. 9) Since this was after the district court's (invalid) December 12 deadline to submit papers to the clerk for service by Marshal, it's reasonable to suggest my act served as notice to Judge Teilborg that I was actively prosecuting my case. Further, after he summarily dismissed the case, I filed a timely Motion to Reconsider (Doc. 11), which stated my intent to prosecute. (Else why would I file?)[2] And when the district court did not reply quickly to that Motion, I filed a premature Notice of Appeal in order to stave off a *Bowles v. Russell* forfeit, further showing my intent to prosecute.

Now, *Henderson* says "a dismissal for lack of prosecution must be

---

[2] Judge Teilborg chided me for not filing a motion for an extension. First, that assumes I wanted service by Marshals. But the motion for reconsideration served the same as a motion for extension.

supported by a showing of **unreasonable** delay." There was no such showing by the district court.

Furthermore, *Henderson* repeatedly cites "several explicit warnings," explaining that "plaintiff's counsel disregarded repeatedly the deadlines set by the district court." However, in my case there was no prior warning by the district court that failure to submit to its Rule 4(c)(3) offer (apparently, an offer I couldn't refuse) would lead to dismissal. (See Doc. 8.) Such notice is required by this Court's cite of *Ash. v. Cvetkov* at *497. I only got one notice, and that was after the fact. Not before.

And before dismissing a case, the court "must explore possible and meaningful alternatives." (*Id.*) But the district court didn't even offer me the most obvious alternative. To simply wait until the Rule 4(m) 120 day time limit expired for me to serve the Complaint. Nor did the district court simply ask for a show cause letter. Rather, it set a trial date to show cause over the Christmas holidays.[3]

Now, "In *Raiford*, we found the sanction of dismissal to be an abuse of discretion where the plaintiff failed to meet two filing deadlines, no prejudice was

---

[3] I point out for the record that this Court has the facts wrong. It says I "failed to respond to the court's order to show cause, and failed to appear at the show cause hearing" as if these were two separate deadlines constituting two infractions. They were not.

shown, and no alternatives of lesser severity were ever considered by the district court." (quoting *Henderson*.) In my case, I only failed to meet only one filing deadline at best; there are no defendants to prejudice; and no alternatives of lesser sanctions were offered me, even after I explained the situation in my Motion for Reconsideration. Therefore, the district court abused its discretion.

Now, turning to *Ferdik* (failure to comply with a court order), *Ferdik* only applies when a defendant moves to dismiss per Rule 41(b). There are no defendants yet in my case.

Even though I don't believe *Ferdik* applies, this Court alludes to the "factors to consider" in *Ferdik*. Summed up in *Tetsuya v. Yahoo! Inc.*, 2011 WL 3739424 (N.D. Cal), "under Rule 41(b) [which does not apply here], the court must consider five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; [not a factor - Rule 4(m) gives me 120 days to serve the Complaint. Nothing came to a "complete halt." (Yourish at *990) In fact, there wouldn't have been anything on the district court's docket if the court hadn't forced Rule 4(3) on me] 3) the risk of prejudice to the defendants; [not a factor. There are no defendants at present. Further, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Yourish at *991] 4) the public policy favoring disposition of cases on the merits [it is too

soon to weigh the merits. I am allowed to amend the complaint after service. During the year this matter has been under appeal, I have discovered new information and will amend the complaint to include private parties who conspired to deprive me of my civil rights]; and ( 5) the availability of less drastic alternatives . . ." [the least being to let me file the complaint within the Rule 4(m) time limit.]

"Generally, the court should make explicit findings regarding each factor before dismissing an action for a party's failure to comply with a court order." (*Tetsuya*) The district court did not do this. According to this Court's own site of *Ash*, "[w]hen confronted with this situation we review the record independently in determining whether the district court abused its discretion." But this Court has not addressed the five points either.

Quoting *Tetsuya* again, "Dismissal is proper where at least four factors support dismissal, ... or where at least three factors strongly support dismissal. (quoting *Ferdik*.)" Even assuming *Ferdik* applies here absent a defendant's Rule 41(b) motion, there are not four factors that support dismissal, let alone three strong factors. "Hence we understand the *Ferdik-Yourish* rule to require a threatened Rule 12(b)(6) dismissal to ferment into a Rule 41(b) dismissal only upon a plaintiff's inaction." ( *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065

(9th Cir.2004))

Nor is dismissal under Rule 16(f) appropriate in this case. Quoting *O'Connor v. Boeing North America,, Inc.*, 2004 WL 5532396 (C.D.Cal.)), "Defendants contend that the Court has the power under Rule 16(f) to dismiss the [] Plaintiffs' claims because they allegedly did not comply with this Court's CM02. In support, Defendants cite *Malone v. United States Postal Office* . . . However, *Malone* specifically stated that dismissal is a "harsh penalty and is to be imposed only in **extreme circumstances**." Mine is not an extreme circumstance.

Then there's intent. The Ninth's Opinion in *Malone*, cited in this instant decision to affirm dismissal, uses words like "willful failure to comply," 'bad faith," "egregious circumstances present . . . where the plaintiff has purposefully and defiantly violated a court order."[4] None of that is present in my case. Rather, I have demonstrated I acted in good faith. To this day, now with one year of additional lawyering under my belt, I don't know what I could have done differently. I did not want the defendants served too early (FOIA requests are more forthcoming when a party doesn't know it's going to be sued), nor did I ask for the district court to serve the defendants for me. The district court did not say

---

[4] *Pagtalunan v. Galaza* 291 F.3d 639 (9th Cir. 2002) also uses phrases like "routine noncompliance" and "unreasonable."

it would dismiss my case if I declined its unsolicited Rule 4(c)(3) offer. I didn't get my mail until after the Christmas holidays and by then the show cause trial date had passed. I have already stated that I do not think it proper to have ex parte communication with a judge. So I wasn't about to call Judge Teilborg over the phone and explain my side. I don't know what other paperwork I could have filed in the interim between his "oral" ruling dismissing and the promised written version. He put me in a Catch-22. If I served the complaint after being dismissed, it would be moot. And I could not simply re-file the Complaint after he dismissed without prejudice, since the statute of limitations had run out.[5] I had no choice but to wait for the Order dismissing and then immediately file a Motion to Reconsider to keep my case alive.

It is not my fault that this happened, yet this Court is punishing me for the district court's action.[6] Ironically, I am the one suffering the harsh penalty for going by the book.

---

[5] Per *Ash v. Cvetkov*: ". . . a dismissal without prejudice is not entirely without danger to the rights of the plaintiff, as for example when statute of limitations or service of process problems are present . . . "

[6] "It is well established that [a]n attorney who believes a court order is erroneous is not relieved of the duty to obey it. We note, however, that several courts have looked to the **validity** of an order in deciding whether violation of that order may result in dismissal." *Malone* at *133.

As far as declining any issues raised for the first time on appeal, "[W]e generally will not consider arguments raised for the first time on appeal, although we have discretion to do so." *In re Am. W. Airlines, Inc., 217 F.3d 1161, 1165 (9th Cir.2000)*. Is the Court telling me that because I didn't remind the district court judge of the rules, that I lose? That is not just.

Submitted by /s/ Mike Palmer
P/ Mike Palmer
18402 N. 19th Avenue, #109
Phoenix, AZ 85023
(602) 513-3738

Dated March 28, 2012.

**Certificate of Service:**

As the defendants - appellees have not been served with a complaint to initiate a lawsuit, there are no opposing parties on which to serve this petition.

Form 11.    **Certificate of Compliance Pursuant to
Circuit Rules 35-4 and 40-1**

> **Form Must be Signed by Attorney or Unrepresented Litigant
> and Attached to the Back of Each Copy of the Petition or Answer**

(signature block below)

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/answer is: (check applicable option)

[X]    Proportionately spaced, has a typeface of 14 points or more and contains _1855_ words (petitions and answers must not exceed 4,200 words).

or

[ ]    Monospaced, has 10.5 or fewer characters per inch and contains _____ words or _____ lines of text (petitions and answers must not exceed 4,200 words or 390 lines of text).

or

[ ]    In compliance with Fed. R. App. 32(c) and does not exceed 15 pages.

_____
Signature of Attorney or
Unrepresented Litigant

(New Form 7/1/2000)

11-15486

# ATTACHMENT

**FILED**

**NOT FOR PUBLICATION**

MAR 15 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER MICHAEL PALMER, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GLENN A. SAVONA; et al., <br><br> Defendants - Appellees. | No. 11-15486 <br><br> D.C. No. 3:10-cv-08209-JAT <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 6, 2012**

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Peter Michael Palmer appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging malicious prosecution and abuse of process for failure to comply with court orders and failure to prosecute. We have

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (failure to comply with court orders); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (failure to prosecute). We affirm.

The district court did not abuse its discretion in dismissing the action without prejudice because Palmer failed to respond to its order requiring him to provide information to the clerk's office necessary to effectuate service of process, failed to respond to the court's order to show cause, and failed to appear at the show cause hearing. *See Ferdik*, 963 F.2d at 1260-61 (listing factors to consider); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132-33 (9th Cir. 1987) (consideration of alternative sanctions can include a warning that failure to comply with court order could lead to dismissal); *Ash v. Cvetkov*, 739 F.2d 493, 496-97 (9th Cir. 1984) (dismissal for lack of prosecution was not an abuse of discretion even after relatively short period of delay, particularly where the dismissal was without prejudice).

We decline to address issues raised for the first time on appeal, including Palmer's challenge to the district court's order directing service of process by the U.S. Marshal. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) (noting general rule that courts of appeal will not consider arguments raised

for the first time on appeal).

**AFFIRMED.**